IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES SCHROER, )
)
Petitioner, )
)
v. ) 1:26CV220
)
USBOP, )
)
Respondent.)

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The petitioner, or someone acting on his behalf, submitted an "Executive Summary" to the Office of the Federal Public Defender in this District. That Office then forwarded the document to the Court. The document appears to allege that the petitioner is a federal pretrial detainee committed to the Federal Medical Center in Butner, North Carolina ("FMC Butner") for evaluation under 18 U.S.C. § 4241. The filing seeks review of the matter under the standards in 18 U.S.C. § 4246(d).

This Court did not commit the petitioner. The court that issued the commitment would need to conduct any review under § 4246(d) or related statutes.

After exhausting any available remedies in that court, the petitioner could at least theoretically bring a habeas corpus action under 28 U.S.C. § 2241. *See Timms v. Johns*, 627 F.3d 525, 530 (4th Cir. 2010) (holding that "Timms should have

exhausted his alternative remedies in the Commitment Action before availing himself of habeas review under § 2241"). For this reason, and for administrative purposes, the Court treated the instant filing as such a petition. So treated, the Petition cannot be further processed for the following reasons.

The Court has not received the filing fee, and the petitioner has not submitted a signed affidavit to proceed *in forma pauperis*. In addition, he did not use the required § 2241 Forms. *See* Rule 2, R. Gov. § 2254 Cases. And the petition does not otherwise include the information requested by those forms and necessary to process the Petition.

Furthermore, neither the petitioner nor a licensed attorney admitted to practice in this Court submitted the filing. It appears that another *pro se* party made the submission on the petitioner's behalf. However, one *pro se* party cannot represent another in this Court. *See, e.g.*, *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for *oneself* . . . does not create a coordinate right to litigate for *others*.") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975), which applied that principle when a *pro se* prisoner attempted to represent fellow inmates in a class action).

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to the petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, after exhausting any other available remedies.

2

Further, generally, the petitioner should file a § 2241 action in the district court of the district where the petitioner is in custody. *See Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011) ("A habeas petitioner who is physically confined . . . must file the habeas petition in the 'district of confinement.'") (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004)).

The petitioner is currently housed at FMC Butner, which is located in the Eastern District of North Carolina. *See* Fed. Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Mar. 26, 2026). Accordingly, the petitioner should seek the proper forms from the Clerk of Court for the United States District Court for the Eastern District of North Carolina and file any § 2241 petition there if he seeks to file under that statute. The address for the Clerk of Court is: 310 New Bern Avenue, Room 574, Raleigh, NC 27601.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that this action be dismissed *sua sponte* without prejudice to the petitioner exhausting any available alternative remedies and then filing a new petition in the proper district which corrects the defects of the current

3

Petition.  The new petition must be accompanied by either the five-dollar filing fee or a current application to proceed *in forma pauperis*.

This, the 26th day of March, 2026.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

4